Morton J.
In trespass quare clausum fregit, the defend ant may give in evidence under the general issue any matter that contradicts the allegations which the plaintiff is bound to prove, or shows that the act complained of is not in its own nature a trespass. Thus he may give in evidence soil and freehold in himself, or in another by whose authority he entered, or that he has any other right to the possession. For he cannot be a trespasser in exercising a right which the law gives him, nor be bound to justify, when he does not prima facie appear to be a trespasser. 1 Chit. PI. 491, [6th Amer. edit. 538 ;] 3 Stark. Ev. 1456, [5th Amer. edit. vol. 2, p. 816 ;] 1 Phil. Ev. (3d ed.) 134 ; Diersley & Nevel's case, 1 Leon. 301.
But the defendant cannot under the general issue give in evidence any matter of excuse or justification, or any warrant or authority, or any satisfaction of the alleged trespass, but must plead them specially. 1 Chit. PI. 492, 493, [6 th *133 &mer. edit 539 ;] 3 Stark. Ev. 1462, [5th Amer. edit. vol. 2,p. 819;] 1 Phil. Ev. (3d ed.) 134.[1]
It is well settled that the defendant may give in evidence that he is tenant in common with the plaintiff, but that a stranger is tenant in common with the plaintiff can be taken advantage of only by plea in abatement. 3 Stark. Ev. 1456, [5th Amer. edit. vol. 2, p. 816 ;] Bull. N. P. 90.
A license from the plaintiff must be specially pleaded, but a license from a stranger in whom the soil and freehold are, may be proved under the general issue. •
The defendant Streeter may well show under the general issue, that he is tenant in common with the plaintiff; but whether the other defendants may show that they entered by a license from him, is a question of more difficulty. It is said in Starkie, as above cited, that the defendant may under this issue give evidence that he entered by command of another who is tenant in common with the plaintiff, and he refers to Gilb. Ev. 204, and Rosse’s case, 2 Leon. 83, and 94. That case seems fully to support his position. It was trespass qu. cl. fr. and was tried on the general issue. The jury found in a special verdict, that Sir T. Bromley was seised of the locus in quo, and had leased it to the plaintiff and one A ; that A assigned his moiety to C, by whose command the defendant entered. It was objected, that the tenancy in common between the plaintiff and him in whose right the defendant justified, could not be given in evidence, and so could not be found by verdict, but ought to have been pleaded in the beginning. But the whole court were clear that it might well enough be given in evidence.
This decision, the soundness of which cannot be questioned, settles the case at bar, unless a distinction may be made between the command and the license of the tenant. We are not aware that such a distinction has ever been recognised. The tenant in common has a right to possession. When he exercises this right by another, whether that other acts by his command or by his license, it is equally by his *134 authority and to he considered his act. If he might lawfully enter upon the locus in quo in person and take away and sell the trees standing upon it, he might also do it by his servant.

Motion overruled.

[1]

 See Waters v. Lilley, post, 145; Butterworth v. Soper, 13 Johns. R. 443 Gelston v. Hoyt, 13 Johns. R. 579.

 Special pleading in bar in civil actions is now abolished in Massachusetts See St. 1836, c. 273.